OTTO ET AL. V. SCHLAPKAHL ET AL.

1. **Trust**: STEP-FATHER.   It is not incumbent upon a step-father to extinguish a mortgage upon the real estate of his minor step-children, and thus preserve their inheritance; and he has the same right to acquire title to such real estate as a stranger has.

2. ———: STATUTE OF LIMITATIONS.   The statute of limitations will run in favor of a trustee of a resulting or constructive trust, from the time he disowns the trust and claims title in his own right.

*Appeal from Scott Circuit Court.*

THURSDAY, DECEMBER 8.

THIS is an action in equity to recover forty acres of land, and to redeem from a mortgage by the payment of the amount the defendant Schlapkahl, advanced in payment thereof.   There was a demurrer to the petition which was sustained.   Plaintiffs appeal.

*Hirschel & Preston*, for appellant.

*Green & Peters*, for appellees.

ROTHROCK, J.—The plaintiff's claim to the land is based upon the following facts as shown by the allegations of the petition and by an abstract of title which was attached to the petition by the consent of the parties.

August Peterson was the owner in fee of the land in controversy and died in 1856 or 1857, leaving a will by which he devised said land, and certain personal property of more than $500 in value to his wife for life, and remainder to plaintiffs, who were his children. The will was admitted to probate in 1857. The land consisted of a tract of forty acres, and constituted the homestead of Peterson and his family. Shortly after his death his widow married the defendant Schlapkahl, who took up his abode on the land with the widow, and took possession of all the personal property, and cultivated, managed, and controlled the land and used the income and receipts therefrom, and the personal property, and accounted to no one, and still retains the same.

At the time of Peterson's death there was a mortgage or deed of trust upon the land executed by himself and his wife upon which something over $500 was due. The trust deed remained unpaid and in 1860 the land was sold thereunder to one Dow for $500. Dow immediately conveyed to one Klindt for an expressed consideration of $600. Before the sale on the trust deed the widow of Peterson and her husband, the defendant Schlapkahl, conveyed the life estate of the widow to said Klindt. Klindt leased the property to the defendant, November 1, 1860, with the privilege of purchasing the same and on the 2nd day of April, 1867, Klindt conveyed the land and an additional forty acres to the defendant for an expressed consideration of $4,000, taking a mortgage back for $1,875, which mortgage has been replaced by one in favor of the German Sav-

ings Bank for $1,300.  The wife of Schlapkahl died in 1879, and this suit was commenced in January, 1881.

It is averred in the petition that the defendant took possession of said land and still holds the same as the trustee of the plaintiffs, and that disregarding his duty to the plaintiffs who were all minors at the time, he permitted the land to be sold by the trustee under the deed of trust to satisfy the sum of $537, although he well knew the same was worth $2,500, and that he was either able to pay said incumbrance or secure an extension of time thereon.  That instead of thus protecting the interests of the plaintiffs he conspired and colluded with Klindt with the purpose of defrauding the plaintiffs by allowing the land to be sold.  That Klindt paid nothing therefor, but transferred the same to defendant, who, by making new loans, paid the purchase price which the property brought at the trust deed sale.

The substance of the prayer of the petition is, that plaintiffs be decreed to be the owners of the land; that an account be taken of the rents and profits thereof, and that defendant be credited with the amount secured by said trust deed, and that plaintiffs be allowed to redeem therefrom.

The second ground of the demurrer and which the circuit court sustained was based upon the statute of limitations.

It is conceded that the defendant has been in the actual open and notorious possession of the property in controversy for more than twenty years.  It is insisted by counsel for appellant that the defendant took possession of the land as the husband of their mother, and that as such he occupied the relation of a parent to the plaintiffs, and his possession was in the nature of a trust, and that as such trustee he acquired no adverse right to the land, but still holds the same in trust for the plaintiffs.

1. TRUST: step-father.

It is true the husband of the mother of minor children, who are members of his family, stands in *loco parentis* to the minors and under ordinary circumstances can make no claim for

their support and maintenance. *Bradford v. Bodfish*, 39 Iowa, 681; *Gerdes v. Weiser*, 54 Id., 591. But we are asked to go much further in the case at bar, and hold that it was incumbent on the step-father to extinguish a mortgage upon the real estate of the step-children, and thus preserve their inheritance, or in other words, to require the step-father to pay the debt of his wife's deceased husband. We do not think any such liability is incurred, whatever property may come into the hands of the step-father by virtue of his marriage.

In this case the land was incumbered by the trust deed. It was sold thereunder to Dow in the year 1860. Before this, however, the plaintiffs' mother parted with her life estate by a conveyance to Klindt. The sale to Dow is not in any manner questioned. The conveyance to him was therefore a complete extinguishment of the plaintiffs' title to the land. Dow conveyed to Klindt and he to the defendant. The defendant has been in possession under this conveyance since the year 1867. If he was under no obligation to pay the debt secured by the trust deed he had the same right to acquire title to the land under it that any other stranger to the title had, and his possession being adverse under claim of title, an action to recover the land was barred in ten years.

But plaintiffs claim that no right of action accrued to them until the termination of the life estate which occurred at the

2. ———: stat- death of their mother in the year 1879. But the
ute of limita-
tions.      ready answer to this position is that the remainder in fee of the plaintiffs' was divested by the conveyance to Dow under the trust deed. If they desired to redeem from that sale or question its validity in any way the courts were open to them for that purpose from the date of the sale and conveyance to Dow until barred by the statute. And if the defendant connived or colluded with Klindt to defraud them in any way there was no obstacle in the way of their assertion of their rights at once. That the defendant claimed the land adversely is apparent from all the averments of the petition.

He joined his wife in a conveyance of her life estate and took the title under the trust deed. If it were to be conceded that his relation to the plaintiffs was that of a trustee, he ignored the trust and set up title in himself joined with possession as early at least as the year 1867. His acts were open, notorious, and matter of record. That the statute of limitations will run in favor of a trustee of a resulting or constructive trust, from the time he disowns the obligation of the trust and sets up a claim in his own right to the trust property, is well settled. *Gebhard v. Sattler*, 40 Iowa, 152, and authorities there cited.

AFFIRMED.