Ward *et al. v.* Harvey, Administrator.

No. 12,775.

WARD ET AL. *v.* HARVEY, ADMINISTRATOR.

TRUST AND TRUSTEE.—*Real Estate.*— *Disavowal of Trust.*— *Notice.*—*Acquiescence.*—*Action to Recover.*—*Adverse Possession.*— *Statute of Limitations.*— Where a trustee disavows the trust, asserts title in himself, and holds adverse possession for more than twenty years, and the beneficiary, with notice, acquiesces therein, an action to recover the land is barred.

From the Grant Circuit Court.

*J. F. McDowell, G. A. Henry* and *J. Brownlee,* for appellants.

*A. Steele, R. T. St. John* and *W. H. Charles,* for appellee.

ELLIOTT, J.—The appellants seek to recover money in the hands of the appellee, as the administrator of the estate of John Ward, deceased. The money sought to be recovered was received by the appellee from the sale of land of which his intestate held the title. The sale was made upon the petition of the appellee, as administrator of John Ward's estate, in order to pay the debts due from the estate, and the appellants were made parties to the petition.

There is evidence showing that in 1850 the intestate received money from the appellants, and that he invested it, with some of his own, in the purchase of land in this State. The theory of the appellants is that, as they furnished part of the purchase-money, a trust resulted in their favor, and that their right of action is not barred by the statute of limitations.

There are authorities maintaining the proposition that the statute of limitations will run against a resulting trust. *Newsom* v. *Board, etc.,* 103 Ind. 526; *Smith* v. *Calloway,* 7 Blackf. 86; *Musselman* v. *Kent,* 33 Ind. 452; Wood Limitation of Actions, 413. But we do not place our decision upon this ground, for there is a plainer and stronger one.

If it were granted that the statute of limitations does not run against an acknowledged resulting trust, and that the

judgment in the proceedings to obtain an order for the sale of the land to pay the debts of the estate of John Ward, deceased, did not conclude the appellants, still this appeal must fail. Conceding that when the land was acquired and title taken, as it was by John Ward, in 1850, and that it was taken in trust, there can be no recovery, because the evidence shows that more than twenty years prior to the time that this action was brought there was an open disavowal of the trust. The evidence, indeed, shows more than a mere disavowal of the trust, for it shows that the appellants acquiesced in the intestate's assertion of title. There is evidence very clearly showing that the intestate treated the land as his own, and that the appellants dealt with him as the owner. Under this evidence there can be no recovery, for it is well settled that where there is a disavowal of the trust, and it is brought to the notice of the beneficiary, the statute will run. As said in *Raymond* v. *Simonson*, 4 Blackf. 77 : "But so soon as the trustee denies the right of his *cestui que trust*, and his possession becomes adverse, lapse of time from that period may constitute a bar in equity." 2 Perry Trusts (3d ed.), section 864; Wood Limitation of Actions, 433.

Judgment affirmed.

Filed June 18, 1887; petition for a rehearing overruled Sept. 27, 1887.