MANTLE, RESPONDENT, *v.* SPECULATOR MINING COMPANY, APPELLANT.

(No. 1,873.)

(Submitted February 19, 1903.   Decided March 6, 1903.)

*Mines and Mining—Mining Claim — Conveyance — Express Trust—Action to Enforce—Statute of Limitations—Suspension—Action Pending — Operation of Mine—Injunction—Accounting—Laches.*

1.  The statute of limitations (Compiled Statutes 1887, First Division, Sec. 47; Code of Civil Procedure 1895, Sec. 518) applies to suits in equity as well as to actions at law.
2.  As between the trustee of an express trust and the *cestui que* trust, the statute of limitations commences to run from the date of the disavowal of the trust by the trustee, and knowledge of such disavowal by the *cestui que* trust.
3.  Plaintiff and L. purchased in 1884 an undivided interest in a mining claim, and by mutual oral agreement the title was taken in L.'s name; L. continued to so hold the property until 1893, at which time plaintiff demanded a deed for his interest, and L. refused to make the deed, disavowed the trust and denied plaintiff's interest in the property. *Held,* that an action commenced by plaintiff in 1902 against a purchaser of the property at judicial sale, to secure a decree adjudging plaintiff the owner of a certain interest therein, for an accounting for ores extracted by defendant, and for an injunction restraining defendant from removing ores therefrom,— was barred by the statute of limitations.
4.  The pendency of another suit operates to suspend the statute of limitations only as to the particular suit brought, and not as to the cause of action there involved.
5.  In an action to restrain defendant from working mining property; *held,* that, under the particular circumstances, plaintiff's right to an injunction was barred by his laches.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

BILL by Lee Mantle against the Speculator Mining Company for an accounting of ore extracted, and for an injunction restraining defendant's further operation of a mine. From an order granting an injunction *pendente lite,* defendant appeals. Reversed.

### STATEMENT OF THE CASE.

On March 26, 1902, the plaintiff, Mantle, commenced this action in the district court to secure a decree adjudging him to be the owner of an undivided one-sixteenth interest in the Speculator mining claim, situate in Silver Bow county, Montana, for an accounting for ores extracted by the defendant company, and for an injunction restraining the defendant from further removing ores from the property. The complaint sets forth in detail the source and history of the plaintiff's interest in the property, to the effect that in 1884 plaintiff and Patrick Largey purchased an undivided one-eighth interest in the property, each paying one-half of the purchase price; that by mutual, oral agreement the title was taken in Largey's name; that Largey continued to so hold the property until 1893, when Mantle demanded a deed for his one-sixteenth interest; that Largey refused to make the deed, and then and there disavowed any trust relation as then existing between them, and denied to Mantle that he (Mantle) had any interest in the property whatever; that immediately thereafter, in December, 1893, Mantle commenced an action against Largey to establish and enforce the trust, to secure a decree awarding him an undivided one-sixteenth interest in the property, and for an accounting from Largey for ores extracted from the claim; and that that action is now pending undetermined in the district court, and was at the date of the commencement of this action. The complaint then recites the history of the organization of the defendant company in June, 1901; its purchase of the whole of the Speculator property at a judicial sale ordered by the United States

district court in an action in partition therein pending, wherein the Largey heirs were plaintiffs and John A. Creighton was defendant; and the fact that the defendant company has from June, 1901, to March, 1902, extracted $1,500,000 worth of ores from the property, and is still continuing to mine the same, and to appropriate to its own use the proceeds from the ores taken therefrom.

An order to show cause was issued, and upon the return thereof the defendant company filed its answer, putting in issue the material allegations of the plaintiff's complaint, and alleging that plaintiff's cause of action is barred by the statute of limitations. The answer further alleges that in 1885 Largey and all of the other owners of the Speculator lode claim, with the knowledge of the plaintiff, executed a lease and bond to one Hurst, under the terms of which Hurst had the option of purchasing the entire claim for $24,000; that afterwards Hurst, declining to take or pay for the property, assigned his lease and bond to Largey & Creighton, who paid the several owners for their respective interests, including the plaintiff herein, and on or about the 1st day of January, 1887, went into possession of the property, and continued thereafter in the open, notorious, and adverse possession thereof, until it was sold under the order of the United States district court; that while so in the possession of the property they expended large sums of money in exploring, improving, and developing it, and disclosed and exposed to view large and valuable ore bodies therein, by reason whereof the property became many times more valuable than when they went into possession of it, and that during all this time the plaintiff herein stood by and permitted such development and improvement to be made by Largey & Creighton, and at no time prior to 1893 made any claim to any interest in the property whatever; that therefore the plaintiff was guilty of laches which ought to bar his right to relief by way of injunction.

Upon the hearing, testimony was introduced, and the court thereupon made an order granting an injunction pending the litigation, from which order this appeal is prosecuted.

*Messrs. McBride & McBride, and Messrs. Forbis & Evans,* for Appellant.

*Mr. Jesse B. Roote, Mr. Frank W. Haskins, and Messrs. Mc-Hatton & Cotter,* for Respondent.

MR. JUSTICE HOLLOWAY, after stating the case, delivered the opinion of the court.

The only questions necessary for our consideration are: (1) Does the complaint state facts sufficient to entitle the plaintiff to an injunction, or, stated in other words, does it affirmatively appear upon the face of plaintiff's complaint that his cause of action is barred by the statute of limitations? and (2) is plaintiff's right to an injunction barred by his laches? In our consideration of the subject, we will treat the answer filed therein as an affidavit, and nothing more.

1.   Does the complaint, on its face, show that the plaintiff's cause of action is barred by the statute of limitations? We preface our consideration of this subject by saying that, in our judgment, the statute of limitations applies to suits in equity as well as to actions at law. In *Lux* v. *Haggin,* 69 Cal. 255, 10 Pac. 674, the court said: "It has been repeatedly decided in this state that Section 343 of the Code of Civil Procedure, 'An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued,' applies as well to suits in equity as to actions at law." It will be observed that Section 343 of the California Code of Civil Procedure is, in substance, identical with Section 47 of the Compiled Statutes of 1887 and Section 518 of our Code of Civil Procedure.

For the purpose of this discussion only, we may assume that, by reason of the contract entered into between Mantle and Largey in 1884, an express trust was created, and that Largey continued to hold Mantle's interest as trustee until 1893. The complaint shows affirmatively that in 1893 Largey disavowed and repudiated the trust, and that Mantle had notice of such disavowal, and immediately commenced an action against Lar-

gey to enforce the trust and to compel conveyance to him of his one-sixteenth interest in the property. The authorities are uniform in holding that, as between the trustee of an express trust and the *cestui que* trust, the statute of limitations commences to run from the date of the disavowal of the trust by the trustee, and knowledge of such disavowal by the *cestui que* trust. (27 Enc. Law (1st Ed.), 104; *Ward* v. *Harvey,* 111 Ind. 471, 12 N. E. 399; *Jones* v. *McDermott,* 114 Mass. 400; *Davis* v. *Coburn,* 128 Mass. 377; *Otto* v. *Schlapkahl,* 57 Iowa, 226, 10 N. W. 651.)

Under the allegations of the complaint, then, the statute commenced to run against plaintiff's cause of action in 1893; and, unless the running of the statute was interrupted or suspended, this cause of action, as disclosed by the complaint filed herein, was barred long prior to the date of the commencement of this action, whether Section 47 of the Compiled Statutes, or Section 518 of the Code of Civil Procedure, be applicable in this instance.

On the part of the plaintiff it is contended that the pendency of the action of *Mantle* v. *Largey* operated to suspend the running of the statute, and that therefore this cause of action is not barred. The general rule is: "The pendency of the [other] suit operates to suspend the statute as to all parties thereto so far as the subject-matter of the suit is concerned. But the suspension exists only as to the particular suit brought, and not as to the cause of action there involved. Except under the rule of 'journeys accounts' and in special cases, the institution of one suit can have no effect upon the operation of the statute as against any other suit, whether on the same or on another cause of action." (19 Enc. Law (2d Ed.), 258 and cases cited.)

We are of the opinion that the pendency of the action of *Mantle* v. *Largey* did not operate to suspend the running of the statute as to this particular case.

2. Is plaintiff's right to an injunction barred by his laches? With reference to this subject the authorities seem to be quite well agreed upon this general rule: "Where a party seeks the intervention of a court of equity to protect his rights by injunc-

tion, the application must be seasonably made, or the rights may be lost, at least so far as equitable intervention is concerned. It is a rule practically without exception that a court of equity will not grant relief by injunction where the party seeking it, being cognizant of his rights, does not take those steps to assert them which are open to him, but lies by and suffers his adversary to incur expenses and enter into burdensome engagements which would render the granting of an injunction against the completion of his undertaking, or the use thereof when completed, a great injury to him." (16 Am. & Eng. Enc. Law (2d Ed.), 356; *Willard* v. *Wood,* 164 U. S. 502, 17 Sup. Ct. 176, 41 L. Ed. 531; *Johnston* v. *Standard Mining Co.,* 148 U. S. 360, 13 Sup. Ct. 585, 37 L. Ed. 480; *Penn Mutual Life Ins. Co.* v. *Austin,* 168 U. S. 685, 18 Sup. Ct. 223, 42 L. Ed. 626.) In *Twin Lick Oil Co.* v. *Marbury,* 91 U. S. 587, 23 L. Ed. 328, the court said: "Property worth thousands today is worth nothing tomorrow; and that which would today sell for a thousand dollars 'at its fair value may, by the natural changes of a week, or the energy and courage of desperate enterprise, in the same time be made to yield that much every day. The injustice, therefore, is obvious, of permitting one holding the right to assert an ownership in such property to voluntarily await the event, and then decide, when the danger which is over has been at the risk of another, to come in and share the profit." In 1885 the property in controversy was supposed to be worth $24,000, and in plaintiff's complaint it is alleged that between June, 1901, and March, 1902—a period of nine months—ore of the value of $1,500,000 has been taken out of this property; and the language used by the court in *Johnston* v. *Standard Mining Co.,* above, is certainly pertinent here: "The duty of inquiry was all the more peremptory in this case from the fact that the property of itself was of uncertain character, and was liable, as is most mining property, to suddenly develop an enormous increase in value. This is actually what took place in this case. A property which in October, 1880, plaintiff sold to Chatfield upon the basis of $4,800 for the whole mine, is charged, in a bill filed October 21, 1887, to be worth $1,000,000, exclu-

sive of its accumulated profits. Under such circumstances, where property has been developed by the courage and energy and at the expense of the defendants, courts will look with disfavor upon the claims of those who have lain idle while awaiting the results of this development, and will require not only clear proof of fraud, but prompt assertion of plaintiff's rights."

No explanation having been offered for plaintiff's delay in applying for an injunction, we are of the opinion that he has slept on his rights, and ought not to be permitted now to come into a court of equity, and, by the aid of an injunction, close the property against this defendant while he litigates an uncertain claim to an interest therein. While some of the allegations contained in defendant's answer tending to show plaintiff's laches were denied on the hearing, in our judgment the denials were not sufficient to relieve the plaintiff from the charge that he has not pursued his right with that degree of diligence which should characterize an applicant for relief from a court of equity.

In view of the fact that the suit of *Mantle* v. *Largey* is still pending undetermined in the district court, and that, so far as this court is informed to the contrary, all the relief sought here could be secured in that action by making this defendant a party thereto, the reason for the commencement of this suit is not apparent, and it is far from the intention of this court to encourage needless litigation. Upon the plaintiff's own showing, this cause of action is barred by the statute of limitations. The unexplained delay of nearly nine years in seeking relief by way of injunction in this action ought to bar that relief.

The order appealed from is reversed, and the cause remanded.

*Reversed and remanded.*

Rehearing denied March 30, 1903.