KAVANAUGH, ADMINISTRATOR, APPELLANT, v. FLAVIN, AD-
MINISTRATRIX, RESPONDENT.

(No. 2,361.)

(Submitted January 18, 1907. Decided February 11, 1907.)

(88 Pac. 764.)

*Equity—Laches—Trial—Dismissal of Suit—Technical Error—
Appeal—Nonsuit—Presumptions.*

Equity—Trial—Dismissal of Suit—Technical Error—Appeal.
1. Where the action of the district court in dismissing an equity case
was correct, the judgment will not be reversed because the motion on
which it acted was entitled a motion for nonsuit instead of a motion to
dismiss, or one asking for a decree in favor of defendant.

Same—Motion for Nonsuit—Laches—Technical Error—Appeal.
2. While, as a general rule, a motion for nonsuit should state pre-
cisely the grounds upon which it is based, still, where the defense of
laches was relied upon by defendant and it clearly appeared that plain-
tiff, knowing of defendant's adverse claim to the property in ques-
tion, remained silent for twelve years and until the relative positions
of the parties had been changed by the death of one of them, and
offered no explanation for the delay in bringing suit, the plaintiff will
not be heard to urge as error the action of the court in dismissing it
on a motion too general in its terms. The court would have been jus-
tified in dismissing it on its own motion.

Same—Dismissal of Suit—Laches.
3. Plaintiff, as administrator and only heir of the estate of one of the
locators of a mining claim, brought suit to have defendant declared
involuntary trustee of an undivided interest in the claim and to compel
conveyance thereof to him. For twelve years prior to suit he had
notice that the interest of the estate represented by him had been for-
feited under section 2324, United States Revised Statutes. He did not
know when application for patent was made, nor when it was no longer
necessary to do the annual representation work. The estate had not
paid any taxes on the property after issuance of patent, nine years be-
fore suit, and plaintiff had not been on the claim for fifteen years.
Suit was not begun until a year after death of the adverse claimant,
and no explanation of the unusual delay in asserting his rights was of-
fered by plaintiff. *Held*, that his rights were barred by laches.

Same—Laches—Presumptions.
4. Where in an equity suit the defense of laches is relied upon, and
plaintiff fails to offer any explanation of the apparent unreasonable de-
lay in the assertion of his claim, it will be presumed that none could
be offered and that he made out the best case he could.

*Appeal from District Court, Silver Bow County; George M. Bourquin, Judge.*

Action by Michael Kavanaugh, administrator of the estate of Michael Kavanaugh, deceased, against Mary Flavin, administratrix of the estate of Matthew Flavin, deceased. From a judgment of dismissal and from an order denying a new trial, plaintiff appeals. Judgment and order affirmed.

Statement of the Case by the Justice Delivering the Opinion.

The purpose of this suit is to have Mary Flavin, the administratrix of the estate of Matthew Flavin, declared to be an involuntary trustee of an undivided one-half interest in the Spread Delight quartz lode mining claim for the benefit of the estate of Michael Kavanaugh, deceased, and to compel a conveyance of such interest.

It appears that Michael Kavanaugh was one of the locators of the Spread Delight claim and by mesne conveyances became the owner of an undivided one-half interest, that he died in 1888, and that the plaintiff, his nephew and only heir, was duly appointed administrator of his estate. It is alleged that in 1891 Flavin, who was the owner of the other undivided half interest in the claim, undertook to have forfeited to himself the interest of Kavanaugh's estate by process of advertising it out for the alleged failure of anyone representing the estate to perform any part of the annual assessment work on the claim for the year 1890, or to contribute the estate's proportion of the expenditure required to do such work. But it is alleged that Flavin's representations to the government concerning the ownership of the claim at the time application for patent was made were false and fraudulent and made with intent to defraud the estate of Michael Kavanaugh out of its interest in the claim, and that, in fact, this plaintiff, representing the said estate, did $100 of work on the claim during the month of July, 1890. It appears from the complaint that Flavin assumed to transfer some inter-

est in the claim to P. J. Brophy, and in 1896 a patent was duly issued to Flavin and Brophy. It further appears that Flavin died in 1904, and in March, 1905, Mary Flavin was appointed administratrix of his estate. This suit was commenced in October, 1905. It is alleged in the complaint that the plaintiff did not know of the fraudulent acts or representations of Flavin until 1905. In addition to the denials contained in the answer, the bar of the statute of limitations and the defense of laches are pleaded. It is claimed in the answer that the plaintiff knew ever since 1891 that the interest of Kavanaugh's estate had been forfeited, and that Flavin and Brophy asserted ownership to the entire claim.

The plaintiff testified in his own behalf that he performed $100 of work on the claim during the month of July, 1890, and that he has never been on the claim since that time. It does not appear when the application for patent was made. The patent itself was issued in 1896. The plaintiff testified that he was informed in 1893 that the interest of Michael Kavanaugh's estate had been advertised out, but that he took no steps in the matter until 1905, and that since the claim was patented he has not paid any portion of the taxes assessed against the same. Two other witnesses, Murphy and Curry, each testified, on behalf of the plaintiff, that he saw the plaintiff at work on one day on the Spread Delight claim in July, 1890. The witness Murphy also testified that in 1893 he notified the plaintiff that the interest of Michael Kavanaugh's estate had been advertised out. The foregoing is, in substance, all the testimony introduced on behalf of the plaintiff.

Upon the conclusion of plaintiff's case the defendant moved for a nonsuit, on the ground that the plaintiff had "not made a sufficient case in equity to authorize the court to make any order giving the plaintiff the relief sought, or any relief whatever." This motion was sustained and a decree entered dismissing the plaintiff's case and awarding the defendant her costs. From the decree and an order denying him a new trial, the plaintiff appeals.

*Mr. William I. Lippincott,* for Appellant.

*Messrs. McBride & McBride,* and *Mr. Peter Breen,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The contentions made in this court are: '' (1) The court erred in sustaining the defendants' motion for nonsuit; (2) the court erred in overruling plaintiff's motion for a new trial; (3) the court erred in entering judgment and decree in favor of defendants and against the plaintiff.'' As the second and third depend entirely upon the first, it is only necessary to determine the first contention in order to decide whether any reversible error was committed.

It is said that the motion for nonsuit is too general in its terms and should have been denied for that reason. While the propriety of interposing a motion for nonsuit in a suit in equity is a very doubtful one, still, if the result reached by the court was correct, this court would not be warranted in reversing the judgment because the particular motion upon which the court acted in reaching the result is entitled a motion for a nonsuit, whereas it should have been a motion to dismiss the plaintiff's case, or for a decree in favor of the defendant.

While it is a general rule that a motion for a nonsuit must state precisely the grounds on which the moving party relies, so that the attention of the court and opposing counsel may be directed to the supposed defects in the plaintiff's case (*Coffey* v. *Greenfield,* 62 Cal. 602), still where the defense of laches is relied upon, as in this instance, and it appears that the plaintiff knew of the defendant's adverse claim for twelve years before he invoked the aid of the court, and had every opportunity to explain the delay, but offered no explanation whatever, but waited until the relative positions of the parties had been changed by the death of one of them, if the trial court on its own motion

had dismissed the case, we think it could not be said to have committed error.

The plaintiff sought the aid of a court in equity and is bound by the principles applicable to proceedings in equity. It is a familiar maxim that equity aids the vigilant, or, as the same thing is expressed in our Civil Code (section 4618), "the law helps the vigilant, before those who sleep on their own rights."

Good faith and reasonable diligence only can call into activity the powers of a court of equity, and, independently of the period fixed by the statute of limitations, stale demands will not be entertained or relief granted to one who has slept upon his rights. Considerations of public policy and the difficulty of doing justice between the parties are sufficient to warrant a court of equity in refusing to institute an investigation where the lapse of time in the assertion of the claim is such as to show inexcusable neglect on the part of the plaintiff, no matter how apparently just his claim may be; and this is particularly so where the relations of the parties have been materially altered in the meantime.

It appears that the plaintiff had notice in 1893 that the interest of the estate of Michael Kavanaugh, deceased, had been forfeited under the provisions of section 2324 of the United States Revised Statutes (U. S. Comp. Stats. 1901, p. 1427); that he took no action whatever for twelve years; that he did not know when application for patent was made, or when it was no longer necessary to continue the annual assessment work on the claim; that since patent issued the estate has not paid any taxes on the property, and, as a matter of fact, the plaintiff had never been on the claim since 1890. These facts themselves, in the absence of any explanation, show inexcusable delay, and, when coupled with the fact that the plaintiff delayed bringing this suit until after the death of Matthew Flavin, it would appear to be unconscionable now to permit him to attempt to prove fraud on the part of Matthew Flavin, when Flavin himself cannot be heard in his own defense. The lapse of twelve

years unexplained, and the changed relations of the parties consequent upon the death of Matthew Flavin, cannot fail to give rise to an unanswerable presumption against the plaintiff's claim.

Speaking upon the subject of laches, the supreme court of the United States, in *Hammond* v. *Hopkins,* 143 U. S. 224, 12 Sup. Ct. 418, 36 L. Ed. 134, said: "No rule of law is better settled than that a court of equity will not aid a party whose application is destitute of conscience, good faith, and reasonable diligence, but will discourage stale demands, for the peace of society, by refusing to interfere where there have been gross laches in prosecuting rights, or where long acquiescence in the assertion of adverse rights has occurred. The rule is peculiarly applicable where the difficulty of doing entire justice arises through the death of the principal participants in the transactions complained of, or of the witness or witnesses, or by reason of the original transactions having become so obscured by time as to render the ascertainment of the exact facts impossible. Each case must necessarily be governed by its own circumstances, since, though the lapse of a few years may be sufficient to defeat the action in one case, a longer period may be held requisite in another, dependent upon the situation of the parties, the extent of their knowledge or means of information, great changes in values, the want of probable grounds for the imputation of intentional fraud, the destruction of specific testimony, the absence of any reasonable impediment or hindrance to the assertion of the alleged rights, and the like. (*Marsh* v. *Whitmore,* 88 U. S. (21 Wall.) 178, 22 L. Ed. 482; *Lansdale* v. *Smith,* 106 U. S. 391, 1 Sup. Ct. 350, 27 L. Ed. 219; *Norris* v. *Haggin,* 136 U. S. 386, 10 Sup. Ct. 942, 34 L. Ed. 424; *Mackall* v. *Casilear,* 137 U. S. 556, 11 Sup. Ct. 178, 34 L. Ed. 776; *Hanner* v. *Moulton,* 138 U. S. 486, 11 Sup. Ct. 408, 34 L. Ed. 1032.)"

The plaintiff had every opportunity to explain his unusual delay, if he could do so, but he offered no explanation whatever, and the presumption must be indulged that he had none. It must further be presumed that the plaintiff made out the best case that he could, and, irrespective of technical objections which

might be urged to the interposition of a motion for nonsuit in a suit in equity or the general terms in which the motion was couched, since the district court clearly reached the correct conclusion, it would be idle to send the case back for another trial.

We are of the opinion that no reversible error was committed. The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.