KIMES, APPELLANT, *v.* NORTHERN PACIFIC RY. CO. ET AL., RESPONDENTS.

(No. 3,402.)

(Submitted September 16, 1914.  Decided November 10, 1914.)

[144 Pac. 156.]

*Real Property—Title—Verbal Assertion—Statute of Limitations—Laches—Estoppel.*

Real Property—Title—Statute of Limitations.
  1.  *Held* that plaintiff's action to recover land claimed by him to have been rightfully entered by him under the public land laws of the United States, but wrongfully patented to the Northern Pacific Railway Company under its land grant, was barred by the provision of section 6451, Revised Codes, because not commenced until fifteen years after patent to the railway company.

Same—Verbal Assertion of Title—Statute of Limitations.
  2.  Mere verbal assertion of title to real estate does not prevent the running of the statute of limitations.

  [As to burden of proof on plea of statute of limitations, see note in 81 Am. Dec. 725.]

Same—Laches—Estoppel.
  3.  Where a claimant of land permitted thirty years to elapse before he seriously attempted to enforce his claim, and during that time the value of the land had increased more than a hundred-fold, and innocent third parties without notice of his claim had purchased portions thereof and expended time and money in their improvement, he was estopped by laches in prosecuting his alleged right.

  [As to estoppel to plead statute of limitations, see note in 95 Am. St. Rep. 411.]

*Appeal from District Court, Custer County; Sydney Sanner, Judge.*

ACTION by John Kimes against the Northern Pacific Railway Company, James H. Daly and others.  From a decree in favor of defendants, and from an order denying his motion for a new trial, plaintiff appeals.  Affirmed.

*Mr. G. W. Myers,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Loud, Collins, Brown, Campbell & Wood,* and *Mr. Grafton Mason,* for Respondents, submitted a brief; *Mr. Chas. S. Loud* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This suit was instituted to secure a decree adjudging the defendants to be trustees, and to hold in trust for the use and benefit of the plaintiff, the south half, southeast quarter of section 27, township 8 north, range 47 east, adjoining the corporate limits of Miles City in Custer county, Montana.

The contention of the plaintiff is that at the time the Northern Pacific Railroad (now Railway) Company filed the map showing the definite location of the route of its road under the Northern Pacific land grant of July 2, 1864 (13 Stats. at Large, 365), he was a *bona fide* settler upon the land in question, qualified to enter the same under the public land laws of the United States, and had tendered for filing his pre-emption declaratory statement, which was erroneously refused by the local land officials; that he was thereby wrongfully deprived of his right to secure such land; that the patent thereafter issued to the railway company was wrongfully issued, and that he is now entitled to have the legal title conveyed to him by the railway company and its grantees. The defendants' joint answer is in effect a general denial, and also pleads laches and the bar of certain statutes of limitations. The trial court made elaborate findings, 7, 9, 10 and 12 of which are to the effect that from 1884 to 1910 plaintiff did not cultivate or improve, or maintain any inclosure of, the land, nor did he assert any dominion over it except by word of mouth and by herding cattle upon it in common with other people, and that for more than ten years prior to the commencement of this suit he was not in possession of any part of it; that defendants Evans and Daly are

*bona fide* purchasers of certain portions of the land in contro-
versy without notice of any claim by plaintiff; that since 1902
certain other portions of the land have been in the actual pos-
session of W. B. Jordan, who held the legal title thereto and
maintained inclosure thereof, and that the lands have greatly
increased in value. From these facts the court concluded that
plaintiff's right, if any he ever had, was barred by his laches,
and a decree followed accordingly. Plaintiff has appealed from
the decree and from an order denying him a new trial.

Concerning land embraced in odd-numbered sections within
the exterior limits of the Northern Pacific grant, certain ques-
tions have been definitely determined by the Act of July 2,
1864, itself and the construction placed thereon by the supreme
court in *Nelson* v. *Northern Pac. Ry. Co.*, 188 U. S. 108, 47
L. Ed. 406, 23 Sup. Ct. Rep. 302, and numerous other cases.
But the question presented by this record is not what right
plaintiff might have asserted in 1881, but rather, what was the
status of his claim in 1911 when this suit was instituted? The
findings made by the trial court are not only fully sustained by
[1, 2]  the record, but the evidence justifies the additional find-
ing that during all the years intervening between 1884 and 1910,
plaintiff without protest stood by and saw this land purchased
and improved by innocent parties without notice of his claim,
during a period when the market value increased a hundred-
fold or more. Plaintiff may have been most unfortunate in his
selection of counsel to prosecute his claim, but the rule of law
is too well settled now to admit of its suspension to meet the
exigencies of an isolated case: that mere verbal assertion of
title to real estate, by one who is not in possession, will not pre-
vent the running of the statute of limitations. (*Lockey* v.
*City of Bozeman*, 42 Mont. 387, 113 Pac. 286.) Patent to this
land issued to the Northern Pacific Railway Company on Janu-
ary 15, 1896. This action was not commenced until 1911, and,
in our opinion, plaintiff's right was barred by the provision of
section 6451, Revised Codes. (*Mantle* v. *Speculator M. Co.*, 27
Mont. 473, 71 Pac. 665.)

But a conclusion different from the one reached by the trial court was out of the question. At the time plaintiff tendered [3] for filing his pre-emption declaratory statement, the market value of this land was about $2.60 per acre. Thirty years elapsed before he took any serious steps looking to the enforcement of his claim, and during that time the value had increased a hundred-fold or more, innocent third parties without any notice of his claim had purchased portions, expended their time and means in improving the same and in establishing their homes. To permit plaintiff to sit idly by without making protest during all these years while the changes indicated were being effected, and now at this late date to come in and assert his claim, dispossess the present owners and appropriate the fruits of their industry to his own use, would be unconscionable. It is one of the maxims of the law, that "equity aids the vigilant, not those who slumber on their rights." (Sec. 6195, Rev. Codes.)

In *Kavanaugh* v. *Flavin,* 35 Mont. 133, 88 Pac. 764, this court quoted with approval from *Hammond* v. *Hopkins,* 143 U. S. 224, 36 L. Ed. 134, 12 Sup. Ct. Rep. 418, the following: "No rule of law is better settled than that a court of equity will not aid a party whose application is destitute of conscience, good faith, and reasonable diligence, but will discourage stale demands for the peace of society, by refusing to interfere where there have been gross laches in prosecuting rights, or where long acquiescence in the assertion of adverse rights has occurred." To the same effect are *Streicher* v. *Murray,* 36 Mont. 45, 92 Pac. 36, and *Mantle* v. *Speculator M. Co.,* above.

In the absence of any excuse for his failure to assert his claim at an earlier date, the conclusion of the trial court that plaintiff's cause of action was barred by his laches is clearly correct.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SANNER, being disqualified, takes no part in the foregoing decision.