STATE ex rel. CASCADE COUNTY, Appellant, *v.*
POLAND et al., Respondents; JUDITH BASIN
COUNTY, Intervener, and STATE ex rel. FERGUS
COUNTY, Appellant, *v.* POLAND et al., Respondents;
JUDITH BASIN COUNTY, Intervener.

(No. 5,187.)

(Submitted January 2, 1923. Decided February 24, 1923.)

[213 Pac. 900.]

*Mandamus — New Counties — Adjustment of Indebtedness — Correction of Findings of Board — Laches — Dismissal of Proceedings.*

1. Where two counties out of which a third was created, made no objection to the report of the commissioners appointed to adjust the indebtedness between the counties, and with knowledge of *mandamus* proceedings instituted by the new county to have the board's findings reviewed, did not intervene though they were represented by their respective county attorneys who took part in the hearing, but waited until final decision in such proceeding and until the new county had incurred expense in the issuance of bonds to pay the indebtedness due the parent counties, and then commenced proceedings to compel the board of adjustment to reassemble and correct its findings, they were guilty of laches warranting dismissal of the proceedings.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

Separate *mandamus* proceedings by the State, on the relation of Cascade County, and on the relation of Fergus County, against R. G. Poland and others, wherein Judith Basin County intervened. The two cases were consolidated, and from an order of dismissal and from the subsequent judgment dismissing the proceedings, relators appeal in each case. Affirmed.

*Messrs. Norris, Hurd & Rhoades, Mr. E. J. Baker, Mr. W. J. Tighe,* and *Mr. William M. Blackford,* for Appellants, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

The defense of laches is not available against the government, state or national, in a suit by it to enforce a public

right or to protect a public interest. (21 C. J. 217.) And this rule applies to municipal corporations and governmental agencies. (*Jackson County* v. *Derrick,* 117 Ala. 348, 23 South. 193; *Piatt County* v. *Godell,* 97 Ill. 84; *In re Hempshire County,* 143 Mass. 424, 9 N. E. 756; *Tazewell County* v. *Norfolk & W. Ry. Co.,* 119 Va. 763, 91 S. E. 124; *Norfolk & W. Ry. Co.* v. *Carroll County,* 110 Va. 95, 65 S. E. 531.) The laches of its officers and agents will not be imputed to the government. (*Jackson County* v. *Derrick, supra.*) Under such authorities, even though under ordinary circumstances the court would hold that relator was guilty of laches, such rule does not apply herein to defeat the rights of the governmental agencies of the state.

*Mr. Henry C. Smith* and *Mr. John B. Muzzy,* for Intervener, submitted a brief; *Mr. Smith* argued the cause orally.

In the case of *Riley* v. *Blacker,* 51 Mont. 364, 152 Pac. 758, Mr. Justice Sanner, speaking for this court, said: "Laches, considered as a bar independent of the statute of limitations, is a concept of equity; it means negligence in the assertion of a right; it is the practical application of the maxim 'Equity aids only the vigilant'; and it exists when there has been unexplained delay of such character as to render the enforcement of the asserted right inequitable." (See, also, High on Ex Rem., sec. 30b; *State ex rel. Johnson* v. *Dyer,* 99 Ind. 426; *People ex rel. Beach* v. *Seneca Common Pleas,* 2 Wend. (N. Y.) 255; *People ex rel. Mobley* v. *Judge, etc.,* 41 Mich. 31, 1 N. W. 985; *Chinn* v. *Trustees,* 32 Ohio St. 236, *supra.*) The same principle is laid down by the following cases, and also the additional principle that where the plaintiff offered no excuse for the delay, the presumption is that he had none: *Kavanaugh* v. *Flavin,* 35 Mont. 133, 88 Pac. 764; *Streicher* v. *Murray,* 36 Mont. 45, 92 Pac. 36; *Rice* v. *County Board,* 50 Kan. 149, 32 Pac. 134 (three weeks); *Eggleston* v. *Kent, Judge,* 50 Mich. 147, 15 N. W. 55 (two years); *People* v. *Chapin,* 104 N. Y. 96, 10 N. E. 141; *State* v. *Juneau etc. Supervisors,* 38 Wis.

554 (one year); *McConoughey* v. *Torrence,* 124 Cal. 330, 57
Pac. 81 (five months); *State ex rel. Brown* v. *Superior Court,*
15 Wash. 314, 46 Pac. 232 (four months); *Moore* v. *Waco B.
Assn.,* 92 Tex. 265, 47 S. W. 716; *State* v. *Gibson,* 187 Mo. 536,
86 S. W. 177.)

HONORABLE W. H. POORMAN, District Judge, sitting
in place of MR. CHIEF JUSTICE CALLAWAY, disqualified,
delivered the opinion of the court.

On September 2, 1920, Judith Basin county was created
from portions of Cascade and Fergus counties. The respond-
ents were appointed as a board to adjust the indebtedness be-
tween the counties. In March, 1921, the board filed its report,
from which it appears that all steel bridges "in use less than
10 years" situated in the several counties had been assessed
thereto. The board also took into consideration as the prop-
erty of Cascade county the sum of $129,241.74, being the un-
expended portion of $408,000 received by said county from the
sale of bonds duly authorized at a special election for the ex-
press purpose of constructing two bridges in Cascade county.
The bridges at the time of the assessment were only partially
completed. The board also took into consideration as the prop-
erty of Fergus county the sum of $209,364.02, being the un-
expended portion of $450,000 received from the sale of bonds
duly authorized at a special election "to be used in the con-
struction of highways. in Fergus county." On February 15
and 18, respectively, 1922, separate proceedings were instituted
on behalf of each of the parent counties asking that writs of
mandate issue commanding the respondents to reassemble as
a board and correct the findings by striking therefrom the
value of the steel bridges in the various counties, and striking
therefrom the bridge fund in Cascade county and the highway
fund in Fergus county. Judith Basin county, by leave of
court, filed answer in intervention admitting the principal
facts, but joined issue as to the alleged nonliability of the
respective relators as to the value of the steel bridges, and

also as to the highway fund in Fergus county, and the bridge fund in Cascade county, and as an affirmative defense alleged that the relators had been guilty of laches in commencing the proceedings, and that the questions involved should have been presented in the former proceeding had between the intervener and the respondent board, in which proceeding both Cascade and Fergus counties were represented. The two cases were consolidated and heard on their merits. The trial court sustained the contention of relators as to the steel bridges and as to the bridge and highway funds, but found that both relators had been guilty of laches and ordered the actions dismissed, and subsequently entered judgment dismissing the proceedings. The relators appeal from the order and from the judgment.

The case of *State ex rel. Judith Basin County* v. *Poland et al., Commissioners* (designated as respondents herein), 61 Mont. 600, 203 Pac. 352, decided by this court December 19, 1921, grew out of the same transaction as the instant case and presented substantially the same questions, except the claim of laches, as are here involved. The decision in the *Poland Case* is the law of this case as to all questions there decided. This court in that case sustained the contention of the relators as to the steel bridges in all the counties, and as to the bridge fund in Cascade county, and the highway fund in Fergus county, but the question of laches was not involved.

On February 17, 1922, Judith Basin county issued to the two old counties its warrants for the amount due as found by the board of adjustment, with interest thereon to that date. Fergus county objected to the acceptance of the warrant until there was inserted therein this provision: "For liquidation of indebtedness of Fergus county as shown by the report of the adjustment commission appointed by the Governor." Cascade county also required substantially the same statement to be made in the warrant. The statements were inserted in the warrants issued, and they were then accepted by the respective counties.

66 Mont.—19

The trial court, in discussing the question of laches, said: [1] ''But relators are not entitled to the relief sought herein, because they have both rested upon their rights and are guilty of laches under all of the facts and circumstances of the cases, and for the following reasons:

''The respondents, as a board appointed as aforesaid, convened, organized, transacted their business, made their report, and filed the same with the board of county commissioners of each of the three counties concerned, relators in these two causes, on the 17th of March, 1921, and Judith Basin county on the 18th of March, 1921, and from that time the result of their deliberations were known to every one concerned.

''Judith Basin county, being dissatisfied with the findings of the board, instituted the *Poland Case, supra.* Respondents appeared, demurred and moved to quash, which resulted in a dismissal of the proceeding. Cascade and Fergus counties were not made parties to the proceeding, but were proper parties, vitally interested, and, indeed, the real parties in interest, and presumably were not idle in the matter, for both counties were represented by their respective county attorney officially in the prosecution of the defense of said proceeding. They were not compelled to intervene in said proceeding, but had the right to do so, or, perhaps, might have instituted an independent proceeding and presented the very questions now involved herein. Failing to do so, and in the light of subsequent developments, they are open to the charge of resting on their rights.

''The new county had the option to pay its indebtedness by three annual installments, by taxation, or in one payment by funds raised by sale of bonds, the choice to be by resolution of its board of county commissioners, to be exercised within one year after receipt of the statement of amount from the adjustment board. Knowing the maximum of its indebtedness to the parent counties, and while the *Poland Case* was pending on appeal and undetermined, it made provision, by resolution, for the discharge of its debt by one payment, taking the neces-

sary steps, and at an additional cost to the new county of $2,367.

"These proceedings were taken and completed in good faith before the bringing of these actions, and of all of which Fergus county especially was fully cognizant. Payment was made by the new county to the parent counties in full of the indebtedness found due by the report of the adjustment board, but within a week after these two proceedings were started.

"Neither of the two affidavits which are the basis of these proceedings disclose any reason or excuse for the delay in presenting the questions for adjudication involved herein; and it is the judgment of this court that it would be inequitable, in view of all the facts and circumstances, to order a reconvening of the adjustment board, which the court might undoubtedly do (see *State ex rel. Furnish* v. *Mullendore,* 53 Mont. 116, 161 Pac. 949), and to impose upon Judith Basin county the additional burden of making provision for the payment of additional indebtedness, the procedure for which, under section 7, Chapter 226, Laws 1919, is not free from doubt, and in its solution would provoke a further fruitful source of litigation. The facts were all fully known to all of the parties before the institution of the *Poland Case.* The law is unchanged, and the matters presented in these proceedings should have been determined in that case."

The record in this cause clearly shows that both Fergus and Cascade counties had knowledge of the transaction in Judith Basin county relative to the issuance of the bonds for the purpose of raising money to pay the indebtedness, and, furthermore, that they had full knowledge of every claim which they now make at all times after the filing of the report by the adjustment board, but that no claim or demand was ever made by either of these counties until after the decision in the *Poland Case* by this court and after all expenses had been incurred by Judith Basin county relative to the issuance of bonds for the particular purpose of paying the specific amounts to the old counties.

If subsequent to making the payments Judith Basin county had instituted another proceeding to have alleged omitted property charged to the parent counties and for a return to it of a part of the money paid, the same question would be involved as here presented. We do not deem further discussion of the question necessary, but cite the following authorities where the question of laches is considered: *State ex rel. Beach* v. *District Court,* 29 Mont. 265, 74 Pac. 498; *Riley* v. *Blacker,* 51 Mont. 364, 152 Pac. 758; *Kavanaugh* v. *Flavin,* 35 Mont. 133, 88 Pac. 764; *Streicher* v. *Murray,* 36 Mont. 45, 92 Pac. 36.

We believe the conclusions reached by the trial court are justified by the facts and sustained by the authorities.

The order and judgment appealed from are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.

Rehearing denied March 26, 1923.