LAURA A. DIERKS AND LAURA M. WHITE, APPELLEES,
v. JOSEPH MARTIN, SHERIFF, ETC., ET AL., APPEL-
LANTS.

Real Property: TITLE: LACHES. Upon the facts set out in the
opinion, *Held*, That appellees had not by *laches* lost the right to
assert their title to the property in question.

APPEAL from the district court of Madison county.

*Byron Millett*, for appellants, cited the cases referred to
in opinion and 2 Pomeroy's Equity, § 917. 2 Story's
Equity, § 1520. Willard's Eq., 364.

*J. T. Brown*, for appellees.

COBB, CH. J.

The petition in this case alleges, that on or about the 8th
day of August, 1878, John H. Dierks was the agent of
the plaintiffs for the purpose of purchasing the lands
therein described. That in pursuance of the directions of
plaintiffs, he purchased the same, and took the bond for
the deed to be executed by the vendor when the same should
be fully paid for, running to himself. That afterwards
and on or about the 29th day of December, 1881, the said
Dierks assigned the said bond to the plaintiffs. That dur-
ing the whole of said time the plaintiffs had been in pos-
session of the said lands, and had made permanent and
valuable improvements thereon, by building and causing
to be built on said land a dwelling house and other build-
ings. That they paid for said land at the time of the mak-
ing of said original contract by the said Dierks, the sum of
ninety-six dollars, and made other payments thereon. That
on or about the month of May, 1879, to-wit, at the May
term of the district court in and for Madison county, Ne-
braska, the defendant, Alphonzo Heintz, recovered a
judgment against the said John H. Dierks and Wilkin

Dierks for the sum of three hundred fifteen dollars and fifty-one cents besides costs of suit, and on the 28th day of February, 1882, caused an execution to be issued thereon, and that at the instance of the said Alphonzo Heintz the same was placed in the hands of Joseph E. Martin, the defendant, who was the sheriff of said county of Madison, and was by him placed in the hands of Frank Martin, his deputy, who, on or about the 10th day of April, 1882, levied the same on the said dwelling house as aforesaid, as property of the said John H. Dierks, and had advertised the said dwelling house for sale under said execution; and unless prevented by the court would proceed to sell the same. That the said house was and is permanently attached to the freehold of the said lands. A temporary injunction was issued upon the prayer of said plaintiffs, and on the 15th day of January, 1883, the said defendants having been duly summoned, and having answered, the said case was brought on for trial before the court, and a final judgment rendered, permanently enjoining the defendants from selling the said house, and for costs, and the cause is brought to this court by the defendants on appeal. The appellants by their brief present two points:

I.   The petition shows on its face that the plaintiffs were guilty of great laches in asserting their rights to the property in question, without alleging in the petition an excuse for such unreasonable delay. I have examined with great care the authorities cited in support of this point, and am forced to the conclusion that the learned counsel is mistaken in their applicability to this case. There was no delay appreciable to me in the assertion of the rights of the plaintiff, which can be construed into laches, or which can possibly make applicable the objection that this is the assertion of a stale claim. It does not appear from the petition that the said Dierks ever denied the right of the plaintiffs to the premises, or that he ever excluded them from the enjoyment thereof; but it does appear that at their

request, and within less than four years, within the shortest statute of limitations, he assigned the contract for said land to the plaintiffs. If he was in fact their trustee constantly acknowledging their right to the premises, no statute of limitations would run against them, nor would the equitable doctrine, whereby old and unasserted claims are rejected as stale, perhaps without regard to the statute of limitations, apply to this case.

The first case cited, that of *Badger v. Badger*, 2 Wallace, 92, holds, as stated in the syllabus, that " courts of equity acting on their own inherent doctrine of discouraging, for the peace of society, antiquated demands, refused to interfere in attempts to establish a stale trust except where: 1. The trust is clearly established," etc.

In this case the trust is clearly asserted; whether it was established or not would depend upon the evidence introduced at the trial. There was evidence, but we are not informed as to its extent or character, there being no bill of exceptions in the case; accordingly, as all presumptions are in favor of the judgment, we must suppose that this trust was clearly established. The other case, *Lansdale v. Smith*, 106 U. S., 391, is a case where a trust was sought to be established after a lapse of forty-five years, during which time the estate involved in the trust had been in the possession of the defendant; and it is sufficient to state that no principle of equity is evidenced in that case which can apply in the most remote degree to the case at the bar.

II.    " The action was brought to restrain the sale of personal property on execution," etc.    I do not understand the action to be brought to restrain the sale of personal property.    The execution was not levied upon personal property, but upon land, and although the title of plaintiffs in the land is less than a fee simple, it is not personal property. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.