# MARIA E. ORTIZ DE RODRIGUEZ
*v.*
# JOSE ANTONIO VIVONI ET AL.

IN EQUITY PLEADINGS—LIMITATION—LACHES—EXCEPTIONS 'TO ANSWER.

1. A demurrer must be decided without evidence *aliunde*. Other pleadings cannot be resorted to in aid of it; and it is not settled, even whether exhibits filed with the pleading can be considered in determining it.
2. The possession of one tenant in common is the possession of all; and limitation does not apply.
3. The limitation will run, however, if the interest of the cotenant is denied by the others; and thenceforth he stands on the same footing as other parties in equity, and must show that he acted in good faith and with reasonable diligence to call a court of conscience into activity. If the bill shows on its face that he is not entitled, by reason of lapse of time and his own laches, to relief, advantage may be taken of it by demurrer. Each case of laches must, however, be judged by its own circumstances.
4. An exception to a pleading or a part thereof should be overruled unless the same is entirely irrelevant.

March 23, 1904.

*Mr. C. M. Boerman,* solicitor for complainant.

*Messrs. Pettingill & Leake,* solicitors for defendants.

HOLT, Judge, delivered the following opinion:

This is a bill by the complainant, Maria E. Ortiz, for the recovery of an undivided interest in certain real estate; or, if

it does not admit of partition, then for its sale, and a division of the proceeds; also for an accounting of rents and profits. The bill avers that Tomas J. Ramirez, being the owner of the property, devised the undivided one eighth thereof to his foster daughter, Felipa Benecia, and the remaining seven eighths to his seven nieces, which seven eighths are now owned by the defendants; that his foster daughter died intestate and without issue, being at the time an infant, on September 20th, 1870; that thereby the complainant inherited her undivided interest; that the complainant received the rents and profits of her portion up to October, 1871, but that since then her co-owners have withheld the same. The bill does not set out the provisions of the will of Tomas J. Ramirez, or make it an exhibit.

The defendant, Ángela Ramirez, has demurred to the bill upon the grounds, first, a want of equity; second, that the action is barred by limitation; third, should be dismissed by reason of laches. The defendants, José A. Vivoni, Pedro S. Vivoni, and Concepcion Ramirez, have filed an answer setting forth the provision of the will as to Felipa Benecia, and claiming that the surviving devisees, and not her mother, took her interest upon her death; also setting up a relinquishment by the complainant of all her interest in the principal of said undivided interest, executed by her in a suit begun by her after the death of her daughter, against her guardian, Gustavo Ramirez; also a settlement through her attorney in fact, one Santiago Quilichini, with the defendants, whereby she accepted a certain sum in full of all claim as to said undivided interest; also relying upon limitation and laches of the complainant in the bringing of this action.

The complainant has filed exceptions to the portion of the answer that relies upon the alleged relinquishment in the action

Ortiz de Rodriguez v. Vivoni.

against the guardian of Felipa Benecia; also that portion of it relying upon prescription and laches in bar of this action.

The case is now submitted upon the demurrer of Ángela Ramirez to the bill, and upon the exceptions to the answer. The ground of the demurrer to the bill that there is a want of equity is that, under the will of Tomas J. Ramirez, the interest of Felipa Benecia, upon her death, passed to the other devisees, and not to her mother; that by the will there was a limitation over by way of executory devise, in the contingency of any one of the devisees dying without issue. This question cannot be determined upon a demurrer. As already stated, the bill does not set forth the will, nor is it made an exhibit. It only avers that Tomas J. Ramirez devised to Felipa Benecia an undivided one-eighth interest in the property.

A demurrer only involves the facts which are averred in the pleading as to which it is interposed. It must be decided without evidence *aliunde*. Even other pleadings cannot be resorted to in aid of it; and authorities differ if even exhibits filed with the pleading can be considered in determining it.

According to the averments of the bill the complainant and the defendants are tenants in common of the property. The possession of one tenant in common is the possession of all. In such a case each of them is in law in possession, and therefore limitation does not run against them. The possession of one is as much the possession of all as the possession of a trustee is the possession of the *cestui que trust*. This is the general rule, and the local law of Porto Rico, article 1965 of the Civil Code, has expressly provided that, as between co-owners, an action for the division of the common property does not prescribe. If the community of interest be openly denied and repudiated by the party in possession, and this be brought to the notice of a claimant, or be so notorious that he is to be presumed to have

knowledge of it, then the limitation begins to run just as in the case of an open repudiation of an expressed trust by a trustee; but the averments of the bill show no such state of fact. It does, however, show a long lapse of time from when, according to its averments, the complainant's co-owners ceased to account to her as to her alleged interest, before this suit was filed, to wit, a period of about thirty years. It would seem difficult to account for such delay. Persons having right are apt to sooner assert claim. It may fairly be considered as raising a presumption of such laches as are inexcusable. The doctrine of laches, however, is not an arbitrary or technical one. Unlike limitation it does not grow out of a mere lapse of time, but from the inequity of allowing one, after the lapse of time, to enforce a claim, owing to a change of condition. Galliher v. Cadwell, 145 U. S. 368, 36 L. ed. 738, 12 Sup. Ct. Rep. 873.

It will not regard lapse of time if, under all the circumstances, it be right to enforce the claim. If the opposite party has by his conduct waived the delay, or if thereby the complainant has been placed in a situation where it would not be reasonable to place him, relief will be afforded.

A court of equity will not, however, help one who sleeps upon his right, from the consequences of his own neglect, if during the time conditions have so changed that to do so would work an injustice. He must act in good faith and with reasonable diligence if he would call a court of conscience into activity; and if the bill shows upon its face that he is not entitled, by reason of lapse of time and his own laches, to relief, advantage may be taken of it by demurrer. Maxwell v. Kannedy, 8 How. 210, 12 L. ed. 1051; Landsdale v. Smith, 106 U. S. 391, 27 L. ed. 219, 1 Sup. Ct. Rep. 350; Potts v. Alexander, 118 Fed. 885; Speidel v. Henrici, 120 U. S. 377, 30 L. ed. 718, 7 Sup. Ct. Rep. 610.

Ortiz de Rodriguez v. Vivoni.

Usually in a court of equity a suit will not be stayed for laches before, but will be stayed after, the time fixed by the limitation at law. This is what is meant when it is said equity follows the law as to limitation; but unusual conditions will vary this rule. The statute of limitations does not bind a court of equity in all cases; and no invariable rule can be stated, as each case must stand upon its own circumstances.

The bill in this case merely shows the lapse of time. Such a state of case may be shown, notwithstanding it, as to entitle the complainant in equity to relief, if otherwise entitled to it. The absence of all inequity may appear; and it seems proper, therefore, to let the facts be shown, and not apply the doctrine of laches by sustaining the demurrer owing to the mere lapse of time. It is, therefore, overruled.

The second and third exceptions to the answer of José A. Vivoni, Pedro S. Vivoni, and Concepcion Ramirez, and which rely upon limitation and laches, are overruled. It is averred that the complainant from the time of the death of her daughter knew the defendants disputed her claim to any part of the estate; and that they were claiming all of said property openly and adversely to her and everyone; also that during said time they have expended large sums in the improvement of said property, with the knowledge of the complainant, and without claim upon her part.

The first exception relates to so much of the answer as avers that in the suit by the complainant against Gustavo Ramirez, the guardian of Felipa Benecia, brought in 1871, a settlement was had, where the complainant released all claim as to the undivided interest in said property. The will of Tomas J. Ramirez provided for a guardian as to both the person and estate of Felipa. After her death, suit being brought against him by the complainant, he settled with her as to the balance of profits in

Ortiz de Rodriguez v. Vivoni.

his hands that had accrued from the estate in Felipa's lifetime, and paid it over to the complainant; and she then in writing acknowledged the principal of the estate ought and must go to the other devisees.

It does not appear that the defendants or any of them were parties to that suit; and it is difficult to see, therefore, how any such relinquishment of the complainant can bind her in this suit. The matter averred is, however, relevant to the question of laches, and tends to show knowledge at that time upon the part of the complainant of her rights, and her duty to assert the same within a reasonable time upon pain of losing them.

An exception to a pleading or a part thereof should be overruled unless the same is entirely irrelevant. This exception is, therefore, also overruled. The defendant, Ángela Ramirez, is given twenty days within which to plead, and the complainant is given the same time as to the answer of the Vivonis and Concepcion Ramirez, and the cause will proceed.