ALASKA NORTHERN RY. CO. v. ALASKA CENT. RY. CO. et al.

(Third Division.   Valdez.   June 24, 1915.)

No. 720.

1. TRUSTS ☞365(4)—LIMITATION OF ACTIONS—LACHES.

The complaint alleged that defendant was a director and one of the managing officers of the Alaska Central Railway Company, and was in possession of large sums of its money; that with such funds he purchased the lands in question in his own name, or that of his brother, and has ever since held the same in trust for the plaintiff. The prayer was to establish a trust and for an accounting. On demurrer to the complaint the court *held* the statute of limitations would not run until there was some act of disavowal done by the alleged trustee which showed unequivocally that he was holding adversely to the alleged cestui que trust.

2. TRUSTS ☞365(3)—LIMITATION OF ACTIONS—LACHES.

As a general rule, length of time is no bar to a trust clearly established, and express trusts are not within the statute of limitations, because the possession of the trustee is presumed to be the possession of the cestui que trust. Time begins to run against a trust as soon as it is openly disavowed by the trustee insisting upon an adverse right and interest which is clearly and unequivocally made known to the cestui que trust.

3. EQUITY ☞71(1)—LACHES—STALE DEMANDS.

No rule of law is better settled than that a court of equity will not aid a party whose application is destitute of conscience, good faith, and reasonable diligence, but will discourage stale demands, for the peace of society, by refusing to interfere where there have been gross laches in prosecuting rights, or where long acquiescence in the assertion of adverse rights has occurred.

The plaintiff, as the successor in interest of the defendant Alaska Central Railway Company, claims that the defendant John E. Ballaine, in and prior to the year 1905, was the "duly elected, qualified, and acting director, officer, and trustee of the said Alaska Central Railway Company, and was in possession, either personally or by those under his immediate control and direction, of large sums of money belonging to the said Alaska Central Railway Company," and that while so acting he diverted funds belonging to said railroad company, to wit, the sum of $7,000 in all, with which he purchased soldier's additional scrip which he used for the purpose of locating the

town site of Seward, which was made in two locations in the name of defendant Frank L. Ballaine, brother of defendant John E. Ballaine, who, it is alleged, holds the legal title to said land for and on behalf of said John E. Ballaine; that United States patents were thereafter issued for said two tracts to said Frank L. Ballaine, one patent being dated May 1, 1905, and the other May 20, 1905.

Plaintiff claims that in October, 1909, it duly succeeded to all of the assets of the said Alaska Central Railway Company, and on April 29, 1915, brought this action as cestui que trust, to secure the decree of this court declaring that defendants Frank L. Ballaine and John E. Ballaine hold said land in trust for plaintiff, also requiring said defendants to account to plaintiff for the moneys received from the sale of town lots in said town of Seward.

E. A. Shedd and C. B. Shedd, copartners as E. A. Shedd & Co., and J. P. Thompson, were permitted to intervene in this action; they claiming an interest in the subject-matter as holders of unpaid bonds issued by said Alaska Central Railway Company.

Donohoe & Dimond, of Valdez, for plaintiff.

L. V. Ray, of Seward, E. E. Ritchie, of Valdez, and S. O. Morford, of Seward, for defendants.

J. Lindley Green, of Seward, for Intervener.

BROWN, District Judge.  To the complaint of the plaintiff the defendants John E. and Frank L. Ballaine demur, on the ground:  First, that said complaint does not state facts sufficient to constitute a cause of action, either in law or equity, against said defendants; and, second, that the action was not commenced within the time limited by the Code of Alaska.

Upon the latter ground counsel for said defendants have presented an exhaustive and able brief and argument.  They first contend that the alleged misappropriation of the funds occurred more than six years prior to the bringing of this action, and that any claim therefor is barred by virtue of the provisions of section 838, Compiled Laws of Alaska, which reads:

"Civil actions shall only be commenced within the period prescribed in this title after the cause of action shall have accrued—

"Within six years—An action upon a contract or liability, express or implied, excepting," etc.

5 A.R.—20

I cannot agree with counsel that, because a criminal action might have been instituted, or because a civil action to recover money wrongfully used or converted might have been brought, within the limited period of six years, this has anything to do with a suit to establish an equitable interest in lands in which the said funds may have been invested.

As was said in the case of Speidel v. Henrici, 120 U. S. at page 386, 7 Sup. Ct. at page 611 (30 L. Ed. 718):

"As a general rule, doubtless, length of time is no bar to a trust clearly established, and express trusts are not within the statute of limitations, because the possession of the trustee is presumed to be the possession of his cestui que trust. * * * But this rule is, in accordance with the reason on which it is founded, and as has been clearly pointed out by Chancellor Kent and Mr. Justice Story, subject to this qualification: That time begins to run against a trust as soon as it is openly disavowed by the trustee, insisting upon an adverse right and interest which is clearly and unequivocally made known to the cestui que trust. * * *"

Defendants also make the point that there is no sufficient allegation of the acquiring of such interest in said lands as the said Alaska Central Railway Company may have had, by the plaintiff herein. The allegation in the complaint is:

"That in about the month of October, 1909, by proceedings duly and regularly had, [the plaintiff] did acquire all of its [the Alaska Central Railway Company's] assets of every kind and description. * * *"

The term "assets" is a broad one, and the assets of a corporation include all of its property, both real, personal, and mixed, including choses in action. Words and Phrases Judicially Defined, vol. 1, p. 557.

I am therefore of the opinion that the complaint sufficiently avers the acquiring by plaintiff from the Alaska Central Railway Company of whatever rights and property the latter company may have had in and to the lands in question.

Defendants' counsel also insist that it is not alleged in the complaint that the defendant John E. Ballaine was such an officer of said Alaska Central Railway Company as would constitute him the agent of said company for the purposes of acquiring a town site, but the complaint does allege that he was a director, officer, and trustee, and was in possession of large amounts of its moneys, and the complaint further alleges that "said Alaska Central Railway Company was formed for the

purposes of building the said railroad and acquiring and owning the town site at Seward aforesaid," which it is alleged that said John E. Ballaine, in violation of his trust, secured the title to in the name of said Frank L. Ballaine.

I am of the opinion that the allegations of the complaint are sufficient in this respect.

Counsel's briefs and arguments are directed chiefly to the construction to be given to one or more of the several statutes of limitation of actions, enacted by the Congress of the United States applicable to Alaska.

Section 836, Comp. Laws of Alaska 1913, provides as follows:

"The periods prescribed in section eight hundred and thirty-five of this act for the commencement of actions shall be as follows:

"Within ten years actions for the recovery of real property, or for the recovery of the possession thereof; and no action shall be maintained for such recovery unless it shall appear that the plaintiff, his ancestor, predecessor, or grantor was seised or possessed of the premises in question within ten years before the commencement of the action: Provided, in all cases where a cause of action has already accrued, and the period prescribed in this section within which an action may be brought has expired or will expire within one year from the approval of this act, an action may be brought on such cause of action within one year from the date of the approval of the act."

This section, if applicable to this case, defendants' counsel claims, bars this action, for the reason that it is not alleged that the plaintiff has been seised or possessed of the premises in question within ten years before the commencement of the action.

As above pointed out, a trust once established is not within the statute of limitations, for the reason that the possession of the trustee is presumed to be the possession of his cestui que trust.

This section, however, could only be deemed applicable to this case by analogy, as is said in equity cases.

Section 1874, Comp. Laws Alaska 1913, provides:

"The uninterrupted adverse notorious possession of real property under color and claim of title for seven years or more shall be conclusively presumed to give title thereto except as against the United States."

In the consideration of this demurrer it cannot be said that as a matter of law the defendants Frank L. or John E. Bal-

laine, or both of them, were in the uninterrupted, adverse, notorious possession of the premises in controversy, for the period of seven years, for the reason already given—that taking the allegations of the complaint to be true, as must be done for the purpose of this demurrer, the possession of the Ballaines would be the possession of the equitable owner whose funds were invested in the property.

If there was such an adverse possession or holding as would bring it within this section of the statute, the facts in relation thereto could be shown by way of defense.

Section 1193, Comp. Laws Alaska 1913, provides:

"An action of an equitable nature shall only be commenced within the time limited to commence an action as provided in chapter two of this title, and an action for the determination of any right or claim to or interest in real property shall be deemed within the limitations provided for actions for the recovery of the possession of real property; but no action shall be maintained to set aside, cancel, annul, or otherwise affect a patent to lands issued by the United States, or to compel any person claiming or holding under such patent to convey the lands described therein or any portion of them to the plaintiff in such action, or to hold the same in trust for or to the use and benefit of such plaintiff, or on account of any matter, thing, or transaction which was had, done, suffered, or commenced within ten years from the date of such patent. * * *"

Counsel for defendants earnestly contend that this action has no application to this case, for the reason that, as construed by the Supreme Court of Oregon, from which the statute was taken, in the case of Baker v. Woodward, 12 Or. 4, 6 Pac. 173, it is inapplicable. In that case the court held that said section 1193, which was section 382, Hill's Annotated Laws of Oregon, was intended to apply only to section 501 of the Civil Code of Oregon, which provided, in effect, that whenever any person claimed any real property as donee of the United States by virtue of the settlement under the donation law, and patent therefor had been wrongfully issued to another, such person might maintain a suit in equity against the patentee for the purpose of having such patent canceled, and the estate or interest of the plaintiff in the property ascertained and established, etc.

This section 501, Civil Code of Oregon, however, was not adopted by Congress, or made a part of the laws of Alaska, when Carter's Code was adopted in the year 1900, although the sections immediately preceding and succeeding it were so

adopted.   See sections 1307 and 1308, Comp. Laws Alaska 1913.   To merely follow the Baker-Woodward Case would be to hold said section 1193 as meaningless, which should never be done, if it violate the plain and ordinary sense of the language employed.

But in the view I take of this case it is not necessary to enter into an extended analysis of these statutes of limitation, for upon the conceded truth of the charge in the complaint (for the purposes of the demurrer) the defendants Frank L. and John E. Ballaine were holding the land in question as trustees for the plaintiff or its grantor, and, as above stated, the statute would not run, until there was some act of disavowal done by said trustees which showed unequivocally that they were holding adversely to the alleged cestui que trust.

Whether such acts were in fact done or performed is a matter which cannot be determined on this demurrer, but may be shown by way of defense.   For instance, counsel for defendants suggest that the defendant Alaska Central Railway Company purchased a certain tract of the land in controversy from the Ballaines.   Such fact, if proved, may or may not establish such a recognition of Ballaine's ownership as would constitute a bar against plaintiff's claim, but it cannot be considered on the demurrer.   Neither can the other facts suggested by counsel, to wit, the greatly increased value of the land by reason of the purchase by the government of said line of railway, the fact of the death of several important witnesses on behalf of the defendants, etc.

These matters may become important upon a final determination of the case upon the merits.

The following language is used by Chief Justice Fuller, in the case of Hammond v. Hopkins, 143 U. S. at page 250, 12 Sup. Ct. at page 427 (36 L. Ed. 134):

"No rule of law is better settled than that a court of equity will not aid a party whose application is destitute of conscience, good faith, and reasonable diligence, but will discourage stale demands, for the peace of society, by refusing to interfere where there have been gross laches in prosecuting rights, or where long acquiescence in the assertion of adverse rights has occurred.   The rule is peculiarly applicable where the difficulty of doing entire justice arises through the death of the principal participants in the transactions complained of, or of the witness or witnesses, or by reason of the original transactions having become so obscured by time as to render the as-

certainment of the exact facts impossible. Each case must necessarily be governed by its own circumstances, since, though the lapse of a few years may be sufficient to defeat the action in one case, a longer period may be held requisite in another, dependent upon the situation of the parties, the extent of their knowledge or means of information, great changes in values, the want of probable grounds for the imputation of intentional fraud, the destruction of specific testimony, the absence of any reasonable impediment or hindrance to the assertion of the alleged rights, and the like. Marsh v. Whitmore, 21 Wall. 178 [22 L. Ed. 482]; Landsdale v. Smith, 106 U. S. 391 [1 Sup. Ct. 350, 27 L. Ed. 219]; Norris v. Haggin, 136 U. S. 386 [10 Sup. Ct. 942, 34 L. Ed. 424]; Mackall v. Casilear, 137 U. S. 556 [11 Sup. Ct. 178, 34 L. Ed. 776]; Hanner v. Moulton, 138 U. S. 486 [11 Sup. Ct. 408, 34 L. Ed. 1032]."

Irrespective of whether one or any of the statutes contained in the Compiled Laws of Alaska of 1913, above referred to, constitute a legal or definite bar to plaintiff's cause of action herein, I cannot feel that, if the defendants John E. and Frank L. Ballaine, acting in a fiduciary capacity towards the said Alaska Central Railway Company, and having its funds under their control, with which they might, as in effect alleged, have lawfully and rightfully purchased a town site, or the town site of Seward, acquired that property with said funds, and took the title in their own names in fraud of said railway company, that the rights of the cestui que trust or its successor in interest should in equity and good conscience be barred by a bare and naked presumption of laches by reason of the time which elapsed before the bringing of this action. It may be that the trial of the case will develop an altogether different situation. The question of laches may assume a wholly different aspect, as the relations of the parties towards each other and the nature of the various transactions are disclosed.

I am compelled to the belief that the demurrer should be overruled; and it is so ordered.