## McSorley v. Provident Trust Company et al.

*A. L. Freedman*, for plaintiff;  *C. H. Meyers*, for defendants.

SMITH, P. J., March 19, 1935.—The bill in equity filed by the plaintiff was dismissed by this court on preliminary objections. Thereafter the plaintiff filed a petition for leave to file an amended bill. The reason for the dismissal of the bill was that the plaintiff had not therein sufficiently set forth facts that would purge her of laches in the institution of an action in equity. The amended bill which is attached to the said petition, reasserts a good cause of action and in addition thereto offers an explanation for the delay in filing the original bill. The sole question before us is whether the court, after ordering the dismissal of a bill, may permit an amendment to be filed.

Equity Rule 56 provides:

"All pleadings may be amended, as of course, at any time prior to final decree, so far as relates to the prayers for relief or any other unimportant matter, and, in all other respects, including the addition or substitution of parties, at any time prior to the filing of the next pleading, or, within ten days thereafter, in order to harmonize with its averments; and they may be amended in any respect, at any time prior to an appeal from the final decree, by leave of the

court upon cause shown, on such terms and conditions as to trial, continuance and costs as to the court shall seem meet."

By the terms of the petition for leave to amend, the permission of the court is requested. This permission is not granted as a matter of course. While the right to amend is treated liberally by the court in cases where it is necessary to promote the administration of justice, the facts averred in each and every petition must be scrutinized with great care. The court will only exercise its discretion to amend a bill upon terms that to it seem reasonable and sound. In Kelsey v. Murphy, 26 Pa. 78, it was decided that the dismissal of a bill upon its merits is a final decree attended with the usual consequences of all final decrees.

The bill as originally written sets forth a good cause of action but laches were apparent. The amendment proposed, cures that defect. The affidavit thereto states that the facts are true to the best of her knowledge, information and belief and "she expects to be able to prove the same upon trial of the cause." In the case of Riley v. Boynton Coal Co. et al., 305 Pa. 364, 370, Mr. Justice Maxey said:

"The proper practice in this respect is stated by Justice Grier of the United States Supreme Court in Badger v. Badger, 69 U. S. 87, and reiterated by Justice Harlan in Landsdale v. Smith (supra), [106 U. S. 391], as follows: 'A party who makes an appeal to the conscience of the chancellor "should set forth in his bill specifically what were the impediments to an earlier prosecution of his claim; how he came to be so long ignorant of his rights, and the means used by the respondent to fraudulently keep him in ignorance; and how and when he first came to a knowledge of the matters alleged in his bill; otherwise the chancellor may justly refuse to consider his case, on his own showing, without inquiry whether there is a demurrer or formal plea of the statute of limitations contained in the answer.'

"We adopt that statement as the procedure that must be adhered to in the courts of this Commonwealth when the bill itself discloses a prima facie unwarranted delay in seeking redress of alleged wrongs. A plaintiff will not be afforded an opportunity to amend his bill so as to explain his laches unless he sets forth in a petition for leave to amend reasons which would relieve him of the charge of inexcusable delay in seeking the rights he alleges and unless he avers under oath that he expects to be able to support these reasons with competent testimony."

Even after the granting of an order for a final decree the court for good reasons shown may permit an amendment. Since logically an amendment cannot be granted to a bill that has been dismissed, the proper procedure is to strike off the original order and then grant the petition to amend.

### Order

And now, to wit, March 19, 1935, the order of this court dated December 1, 1935, dismissing the original bill in equity is stricken off and the petition to amend said bill is hereby granted. Defendants are ordered to file an answer on the merits to the amended bill in equity within 30 days.