## CRITES v. RADTKE et al.

District Court, S. D. New York.
Feb. 25, 1937.

Percival E. Jackson, of New York City, for complainant.

Robert W. Perkins, of New York City (Morris Ruffman, of New York City, of counsel), for Warner Bros. Pictures, Inc., United Research Corporation of Delaware, and Thomas J. Martin.

Leonard Day, of New York City, for defendants Albert A. Radtke and Radtke Patents Corporation.

Henry Turin, of New York City, for defendant Leonard Day.

PATTERSON, District Judge.

The suit is one to impress a trust on an application for patent and on the alleged invention covered by it. On motion to dismiss the defendants say that the

bill is defective because it reveals that the suit is barred by the plaintiff's laches.

According to the bill, the defendant Radtke was employed from November, 1916, to November, 1917, to devote his skill to the development of a method for amplifying current variations in photo-electric cells produced by changes of light. The plaintiff succeeded to all the employer's rights in 1918. In December, 1922, Radtke made application for a patent on an invention covering a method for optically recording and reproducing sounds, and in 1931 he filed a subdivision of the application. The invention claimed was based on information obtained by Radtke while an employee and wrongfully used by him, and was the property of the employer until 1918, and thereafter was the property of the plaintiff, as Radtke well knew. Radtke granted interests in the application to the other defendants who conspired to conceal from the plaintiff all knowledge of the proceedings to obtain a patent. It is further alleged that the plaintiff did not discover Radtke's misappropriation of the invention until thirty days prior to filing of the bill. The bill was filed on January 7, 1937.

■ Where a bill shows on its face that the plaintiff by reason of laches should not have relief, the objection is one that may be taken by demurrer or motion to dismiss. Lansdale v. Smith, 106 U.S. 391, 1 S.Ct. 350, 27 L.Ed. 219; Speidel v. Henrici, 120 U.S. 377, 7 S.Ct. 610, 30 L. Ed. 718; Hays v. Port of Seattle, 251 U.S. 233, 40 S.Ct. 125, 64 L.Ed. 243. The question then is whether the bill indicates laches on its face. The bill does show that suit was not brought until fourteen years after Radtke claimed the invention as his own property by filing application for patent; and in explanation of the delay the plaintiff pleads that he had no knowledge of Radtke's claim or of any fact putting him on notice until thirty days prior to filing suit.

■ Under controlling authorities the facts pleaded are not sufficient to rebut the presumption that the long delay in bringing suit was due to laches. Where a party asking equitable relief seeks to avoid the consequences of an apparently unreasonable delay in assertion of a claim on the ground that he was ignorant of his rights, he must allege in his bill not merely the fact of his ignorance but also when and how he obtained knowledge of the true state of affairs. These requirements are said to be necessary in order that the court may see from the bill whether discovery might not have been made earlier by ordinary diligence. Stearns v. Page, 7 How. 819, 12 L. Ed. 928; Badger v. Badger, 2 Wall. 87, 17 L.Ed. 836; Felix v. Patrick, 145 U.S. 317, 12 S.Ct. 862, 36 L.Ed. 719; Hardt v. Heidweyer, 152 U. S. 547, 14 S.Ct. 671, 38 L.Ed. 548. In the present case the bill, while adequate in setting forth ignorance and time of discovery, is deficient in failing to allege in what manner the plaintiff came to discover the wrongdoing. See United States v. Diamond Coal Co., 255 U.S. 323, 41 S. Ct. 335, 65 L.Ed. 660. The defendants' objection to the bill, while narrow, must be deemed a sound one on the authorities.

The motion to dismiss will accordingly be granted, with leave to file an amended bill within thirty days after service of a copy of the order of dismissal.