George N. MAS and Frank M. Mas, Plaintiffs,

v.

OWENS–ILLINOIS GLASS COMPANY, a corporation, Defendant.

Civ. A. No. 16320.

United States District Court
W. D. Pennsylvania.

Nov. 28, 1958.

Joseph A. Beck, of Beck, McGinnis & Jarvis, Charles B. Jarrett, Sr., Pittsburgh, Pa., for plaintiffs.

Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this action based on trade-mark and trade name infringement, Defendant Owens-Illinois Glass Company moves for dismissal of the amended complaint on the ground of laches. 28 U.S.C.A., Fed. Rules of Civil Procedure 12(b).[1]

1. In connection with hearing on defendant's motion for summary judgment on plaintiff's original complaint, the court entered the following order:

"Now, to-wit, this 15th day of April, 1958, after hearing on Defendant's Motion for Summary Judgment on the grounds of res judicata, laches and the statute of limitations, upon consideration thereof, for the reasons set forth in the oral opinion of the court dated March 4, 1958, it is ordered, adjudged and decreed:

"1. That the plaintiffs' cause of action as it relates to patent infringement of Design Patent 102,569, issued December 29, 1936, is barred by the judgment of the United States District Court for the District of New Jersey in Civil Action No. 1025-50, as affirmed by the United States Court of Appeals for the Third Circuit at No. 11,466; and that it is barred also by the six-year statute of limitations.

"2. That judgment be, and it hereby is, entered in favor of the defendant, Owens-Illinois Glass Company, and against "the plaintiffs, George N. Mas and Frank M. Mas, in this action as it relates to any part of a cause of action based on loss of profits or damages for infringement of Design Patent 102,569, issued December 29, 1936.

"3. That the motion to dismiss the cause of action based on trademark infringement is denied, provided that the plaintiffs within thirty days from the date hereof file an amended complaint setting forth with exactness and detail, in coherent, understandable fashion, a cause of action based solely on trademark infringement.

For purposes of brevity, the following abbreviations will be employed:

George N. Mas —Mas
Owens-Illinois Glass Company—Owens

Plaintiff's prayer for damages is limited to six years prior to the institution of the present suit. Plaintiff contends that the amended complaint presents a case of a continuous tort involving separate and successive injuries and that plaintiff is not barred of a recovery of such damages as have accrued within the statutory period before the action. 54 C.J.S. Limitations of Actions § 169 p. 128.

Upon review of the pleadings and the exemplifications of the records which relate to the chronology of litigation relative to the patent and trade name rights asserted by Mas, the following represents the history of plaintiff's efforts and conduct to pursue his claim for relief.

1. July 1935—Negotiation conducted with Owens wherein Mas invention of "Stubby" and "Steinie" developments were disclosed.

2. Oct. 1935 and Jan. 1936, respectively—Owens commenced manufacturing of "Stubby" and "Steinie" bottles in alleged derogation of Mas trade name and trademark rights.

3. Dec. 29, 1936—Design patent was issued to Mas pursuant to patent application.

4. Dec. 11, 1939—Mas sued Owens at Civil Action No. 64 in the United States District Court for Eastern District of Virginia, alleging breach of confidential disclosure. Said action was dismissed September 4, 1940 for improper service, 34 F.Supp. 415.

5. Oct. 27, 1942—Mas sued Owens in United States District Court of New Jersey at Civil Action No. 2472 predicated upon identical grounds as Virginia suit.

6. April 20, 1942—Mas sued Owens in United States District Court of New Jersey for infringement of patent at Civil Action No. 2250.

7. Jan. 27, 1947 and Jan. 7, 1948—Mas consented to dismissal of actions in United States District Court of New Jersey without prejudice for the reason that his general health had become bad, that he had difficulty in moving his arms and legs and developed trouble in the spine, and reluctantly consented to dismissal of said actions without prejudice when Owens insisted that both actions be dismissed for want of prosecution.

8. Dec. 27, 1950—Mas instituted new suit against Owens in United States District Court of New Jersey.

9. May 24, 1951—Mas filed amended complaint to suit in United States District Court of New Jersey.

10. Nov. 26, 1951—Mas filed second amended complaint to suit in United States District Court of New Jersey.

11. Aug. 30, 1954—United States District Court of New Jersey entered summary judgment in favor of Owens limited to patent infringement but apparently did not adjudicate trade name or trademark infringement. 122 F.Supp. 582.

12. June 2, 1955—Judgment of United States District Court of New Jersey affirmed by United States Court of Appeals for the Third Circuit. 3 Cir., 222 F.2d 889.

13. April 9, 1956—Supreme Court of United States denied certiorari. 350 U.S. 1016; 76 S.Ct. 661, 100 L.Ed. 1875.

14. May 21, 1956—Supreme Court of United States denied petition for rehearing. 351 U.S. 943, 76 S.Ct. 838, 100 L.Ed. 1470.

15. Oct. 8, 1956—Supreme Court of United States denied leave to file second petition for rehearing. 352 U.S. 861, 77 S.Ct. 26, 1 L.Ed.2d 72.

16. Oct. 10, 1957—Mas sued Owens in United States District Court for Western

---

"4. That this Order is without prejudice to the right of the defendant, Owens-Illinois Glass Company, to raise any question or file any motion after the filing of an amended complaint.

"An exception is hereby granted to each party with respect to the foregoing order.
"/s/ Wallace S. Gourley, CDJ
"Chief District Judge"

District of Pennsylvania. Amended complaint relates to said action.

■ This Circuit well recognizes a distinction between mere delay and unreasonable delay, wherein the latter is involved the element of lack of diligence and the consequent inequity, under the circumstances, of permitting the claim to be enforced. Window Glass Mach. Co. v. Pittsburgh Plate Glass Co., 3 Cir., 284 F. 645.

■ To be an effective bar, it must be both inexcusable and prejudicial to the defendant. Of necessity there must be a balancing of equities. It is unjust that anyone should be allowed to infringe a trade-mark or trade name and deprive its owner of the benefits incident to its acceptance in the industry for which the item is suited. On the other hand, the law recognizes that it is inequitable for a person to sleep on his rights for years and lead another to think that the latter is safe in following counsel's advice that he may manufacture an object with impunity, and when he has made extensive investments and built up a prosperous business, penalize him and innocent investors for doing what might have been diverted by timely action. Thus, two elements are essential to prove laches:

(1) Lack of diligence on the part of plaintiff.

(2) Injury to defendant due to the inactivity of the plaintiff. Westco-Chippewa Pump Co. v. Delaware Electric & Supply Co., 3 Cir., 64 F.2d 185; Rome Grader & Machinery Corporation v. J. D. Adams Mfg. Co., 7 Cir., 135 F.2d 617.

■ Or stated another way, in courts of equity the rule is to withhold relief where there has been unreasonable delay in prosecuting a claim, or long acquiescence in the assertion of adverse rights. Dock & Terminal Engineering Co. v. Pennsylvania R. Co., 3 Cir., 82 F.2d 19.

■ Undoubtedly, a most extended and prolonged period has elapsed since Mas contends that Owens infringed his trade name or trade-mark rights. Nevertheless, I must be guided by the salient factor that a most substantial part of the delay is a necessary concomitant of our judicial processes resulting from the length of time experienced from the filing of an action to the date of adjudication, as well as the time consumed in processing legal matters through our appellate courts. Thus, though Mas filed suit in the District Court of New Jersey on December 27, 1950, final adjudication by the Supreme Court of the United States was not secured until October 18, 1956. I am further impelled to recognize that Mas has apparently acted in good faith to pursue his alleged rights, as evidenced by his retention of prominent and outstanding legal counsel during the period that much of the litigation ensued. No indication exists to show that Mas intentionally slept on his rights or lulled Owens into a false sense of security, as evidenced by extended communications conducted between Mas and Owens and his persistence in seeking relief through the courts. Plaintiff's extensive efforts throughout, undoubtedly, apprised defendant of his determination to assert any legal rights to which he might be entitled.

An evaluation of the pleadings and pre-trial affidavit before the United States District Court of New Jersey demonstrates that Mas sought damages for infringement of his trade name rights and even though the adjudication in no way considered the trade name aspect of Mas' prayer for relief, I must take cognizance of the fact that this claim had not been abandoned.

■ Recognizing that a motion to dismiss a complaint must be viewed in the light most favorable to the plaintiff and that a complaint should not be dismissed unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim, and further no matter how likely it may seem that the pleader will be unable to prove his case, he is entitled upon averring a claim to an opportunity to try to prove it, it is my belief that motion to dismiss should be refused. Frederick Hart & Co., Inc., v. Recordgraph, 3 Cir., 169 F.2d 580.

It is my considered judgment that the legal question which exists in this proceeding requires the application of what might be termed "The Interlocutory Appeal Act" due to the great amount of time and effort that would be required of the court in the trial of the issues, which would not be necessary if the conclusion reached by the District Court in disposing of the motion to dismiss has been erroneously determined. 28 U.S.C.A. § 1292(b), as added by the Act of September 2, 1958, Public Law 85–919; Herbert Milbert v. Bison Laboratories, Inc., U.S. Court of Appeals for the Third Circuit, 166 F.2d 3.

An appropriate Order is entered.